UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ See Attached List _____

Address of Defendant: _____ 550 State Road, Suite 100, Bensalem, PA 19020 _____

Place of Accident, Incident or Transaction: _____ Philadelphia _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    _____    _____
                          *Must sign here*
                          *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☑ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
      *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Mariellen D. Bello _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☑ Relief other than monetary damages is sought. *(+ in addition to)*

DATE: ____ 10-14-19 ____    _____    _____
                            *Sign here if applicable*
                            *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**Plaintiffs List**

BOARD OF TRUSTEES OF THE LABORERS'
DISTRICT COUNCIL CONSTRUCTION
INDUSTRY PENSION FUND
PO Box 37003
Philadelphia, PA 19122

LABORERS' DISTRICT COUNCIL
CONSTRUCTION INDUSTRY PENSION FUND
PO Box 37003
Philadelphia, PA 19122

BOARD OF TRUSTEES OF THE LABORERS'
DISTRICT COUNCIL HEAVY AND HIGHWAY
CONSTRUCTION HEALTH AND WELFARE FUND
PO Box 37003
Philadelphia, PA 19122

LABORERS' DISTRICT COUNCIL
HEAVY AND HIGHWAY
CONSTRUCTION HEALTH AND WELFARE FUND
PO Box 37003
Philadelphia, PA 19122

BOARD OF TRUSTEES OF THE LABORERS'
DISTRICT COUNCIL BUILDING AND
CONSTRUCTION HEALTH AND WELFARE FUND
PO Box 37003
Philadelphia, PA 19123

LABORERS' DISTRICT COUNCIL
BUILDING AND CONSTRUCTION HEALTH
AND WELFARE FUND
PO Box 37003
Philadelphia, PA 19123

BOARD OF TRUSTEES OF THE LABORERS'
DISTRICT COUNCIL PREPAID LEGAL SERVICES
FUND
PO Box 37003
Philadelphia, PA 19122

LABORERS' DISTRICT COUNCIL PREPAID
LEGAL SERVICES FUND
PO Box 37003
Philadelphia, PA 19122

BOARD OF TRUSTEES OF THE LABORERS'
DISTRICT COUNCIL EDUCATION AND TRAINING/
APPRENTICESHIP
FUND
501 Lancaster Pike
Exton, PA 19341

LABORERS' DISTRICT COUNCIL EDUCATION
AND TRAINING/ APPRENTICESHIP FUND
501 Lancaster Pike
Exton, PA 19341

BOARD OF TRUSTEES OF THE LABORERS'
DISTRICT COUNCIL LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST
501 Lancaster Pike
Exton, PA 19341

LABORERS' DISTRICT COUNCIL LABORERS'
EMPLOYERS COOPERATION AND EDUCATION
TRUST
665 North Broad Street, 4th Floor
Philadelphia, PA 19123

CONTRACTORS' ASSOCIATION OF
EASTERN PENNSYLVANIA
1500 Walnut Street, Suite 1105
Philadelphia, PA 19102

GENERAL BUILDING CONTRACTORS'
ASSOCIATION
36 S. 18th Street
Philadelphia, PA 19103

LABORERS' DISTRICT COUNCIL REGIONAL,
STATE AND LOCAL HEALTH AND SAFETY FUND
PO Box 37003
Philadelphia, PA 19122

THE LABORERS' DISTRICT COUNCIL
OF THE METROPOLITAN AREA OF
PHILADELPHIA AND VICINITY,
LABORERS' INTERNATIONAL UNION OF NORTH
AMERICA
665 N. Broad Street
Philadelphia, PA 19123

ALAN R. PARHAM, FUND ADMINISTRATOR
665 N. Broad St., 2nd Fl.
Philadelphia, PA 19123

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Board of Trustees of the Laborers' District Council Construction Industry Pension Fund, et al. v. | : : : : | CIVIL ACTION |
| Brightline Construction, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)　　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　(X)

| | | |
|---|---|---|
| 10-14-19 | _Maruel Bello_ | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 710-4510 | (610) 710-4520 | mbello@swbcounsellors.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS' DISTRICT COUNCIL CONSTRUCTION INDUSTRY PENSION FUND, et al. | Brightline Construction, Inc.; and John Doe Surety |

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
     *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
     *(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
       THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mariellen D. Bello, Esquire
Susanin, Widman & Brennan, P.C.
656 East Swedesford Road, Suite 330, Wayne, PA 19087

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
    Plaintiff
- ☐ 2   U.S. Government
    Defendant
- ☒ 3   Federal Question
    *(U.S. Government Not a Party)*
- ☐ 4   Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☒ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Employee Retirement Income Security Act, 29 U.S.C. Sec. 1002
Brief description of cause:
Delinquent Benefit Contributions

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $ *TBD by audit*
*plus injunctive relief*

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*    JUDGE _____    DOCKET NUMBER _____

DATE   10-14-19     SIGNATURE OF ATTORNEY OF RECORD   *Mariellen Bello*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BOARD OF TRUSTEES OF THE LABORERS'         :
DISTRICT COUNCIL CONSTRUCTION               :
INDUSTRY PENSION FUND                        :          CIVIL ACTION NO.
PO Box 37003                                 :
Philadelphia, PA 19122                       :
                                             :
LABORERS' DISTRICT COUNCIL                   :
CONSTRUCTION INDUSTRY PENSION FUND           :
PO Box 37003                                 :
Philadelphia, PA 19122                       :
                                             :
BOARD OF TRUSTEES OF THE LABORERS'          :
DISTRICT COUNCIL HEAVY AND HIGHWAY           :
CONSTRUCTION HEALTH AND WELFARE FUND         :
PO Box 37003                                 :
Philadelphia, PA 19122                       :
                                             :
LABORERS' DISTRICT COUNCIL                   :
HEAVY AND HIGHWAY                            :
CONSTRUCTION HEALTH AND WELFARE FUND         :
PO Box 37003                                 :
Philadelphia, PA 19122                       :
                                             :
BOARD OF TRUSTEES OF THE LABORERS'          :
DISTRICT COUNCIL BUILDING AND                :
CONSTRUCTION HEALTH AND WELFARE FUND         :
PO Box 37003                                 :
Philadelphia, PA 19123                       :
                                             :
LABORERS' DISTRICT COUNCIL                   :
BUILDING AND CONSTRUCTION HEALTH             :
AND WELFARE FUND                             :
PO Box 37003                                 :
Philadelphia, PA 19123                       :
                                             :
BOARD OF TRUSTEES OF THE LABORERS'          :
DISTRICT COUNCIL PREPAID LEGAL SERVICES      :
FUND                                         :
PO Box 37003                                 :
Philadelphia, PA 19122                       :
                                             :

LABORERS' DISTRICT COUNCIL PREPAID                :
LEGAL SERVICES FUND                               :
PO Box 37003                                      :
Philadelphia, PA 19122                            :
                                                  :
BOARD OF TRUSTEES OF THE LABORERS'                :
DISTRICT COUNCIL EDUCATION AND TRAINING/          :
APPRENTICESHIP                                    :
FUND                                              :
501 Lancaster Pike                                :
Exton, PA 19341                                   :
                                                  :
LABORERS' DISTRICT COUNCIL EDUCATION              :
AND TRAINING/ APPRENTICESHIP FUND                 :
501 Lancaster Pike                                :
Exton, PA 19341                                   :
                                                  :
BOARD OF TRUSTEES OF THE LABORERS'                :
DISTRICT COUNCIL LABORERS-EMPLOYERS               :
COOPERATION AND EDUCATION TRUST                   :
501 Lancaster Pike                                :
Exton, PA 19341                                   :
                                                  :
LABORERS' DISTRICT COUNCIL LABORERS'              :
EMPLOYERS COOPERATION AND EDUCATION               :
TRUST                                             :
665 North Broad Street, 4th Floor                 :
Philadelphia, PA 19123                            :
                                                  :
CONTRACTORS' ASSOCIATION OF                       :
EASTERN PENNSYLVANIA                              :
1500 Walnut Street, Suite 1105                    :
Philadelphia, PA 19102                            :
                                                  :
GENERAL BUILDING CONTRACTORS'                     :
ASSOCIATION                                       :
36 S. 18th Street                                 :
Philadelphia, PA 19103                            :
                                                  :
LABORERS' DISTRICT COUNCIL REGIONAL,              :
STATE AND LOCAL HEALTH AND SAFETY FUND            :
PO Box 37003                                      :
Philadelphia, PA 19122                            :
                                                  :
THE LABORERS' DISTRICT COUNCIL                    :
OF THE METROPOLITAN AREA OF                       :

2

PHILADELPHIA AND VICINITY,
LABORERS' INTERNATIONAL UNION OF NORTH
AMERICA
665 N. Broad Street
Philadelphia, PA 19123

ALAN R. PARHAM, FUND ADMINISTRATOR
665 N. Broad St., 2nd Fl.
Philadelphia, PA 19123

                                Plaintiffs

        v.

BRIGHTLINE CONSTRUCTION, INC.
550 State Road, Suite 100
Bensalem, PA 19020, and

JOHN DOE SURETY

                     Defendants

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

## **COMPLAINT**

Plaintiffs, by and through their undersigned attorney, hereby file this Complaint against BRIGHTLINE CONSTRUCTION, INC. (hereafter referred to as "Defendant Employer"), and John Doe Surety (hereafter referred to as "Surety"). In support of their claims, Plaintiffs aver as follows:

## **THE PARTIES**

1.     The Laborers' District Council Construction Industry Pension Fund ("Pension Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, ("the LMRA"), 29 U.S.C. §186(c)(5), and an employee benefit plan under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3). The Board of Trustees of the Pension Fund ("Pension Fund

3

Trustees") manages and controls the Pension Fund. The Pension Fund Trustees are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C., Section 1132(a)(1)(3). The Pension Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of the Pension Fund and its participants and beneficiaries.

2.      The Laborers' District Council Heavy and Highway Construction Health and Welfare Fund ("H&H Health and Welfare Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. §1002(3). The Board of Trustees of the H&H Health and Welfare Fund ("H&H Health and Welfare Fund Trustees") manages and controls the H&H Health and Welfare Fund. The H&H Health and Welfare Fund Trustees are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C., Section 1132(a)(1)(3). The H&H Health and Welfare Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of the H&H Health and Welfare Fund and its participants and beneficiaries.

3.      The Laborers' District Council Building and Construction Health and Welfare Fund ("Health and Welfare Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. §1002(3). The Board of Trustees of the Health and Welfare Fund ("Health and Welfare Fund Trustees") manages and controls the Health and Welfare Fund. The Health and Welfare Fund Trustees are fiduciaries within the meaning of

4

section 502(a)(1)(3) of ERISA, 29 U.S.C., Section 1132(a)(1)(3). The Health and Welfare Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of the Health and Welfare Fund and its participants and beneficiaries.

4.     The Laborers' District Council Prepaid Legal Services Fund ("Legal Services Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. §1002(3). The Board of Trustees of the Legal Services Fund ("Legal Services Fund Trustees") manages and controls the Legal Services Fund. The Legal Services Fund Trustees are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C., Section 1132(a)(1)(3). The Legal Services Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of the Legal Services Fund and its participants and beneficiaries.

5.     The Laborers' District Council Education and Training/Apprenticeship Fund ("Training Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. §1002(3). The Board of Trustees of the Training Fund ("Training Fund Trustees") manages and controls the Training Fund. The Training Fund Trustees are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C., Section 1132(a)(1)(3). The Training Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of the Training Fund and its participants and beneficiaries.

6.      The Laborers' District Council Laborers' Employers' Cooperation and Education Trust ("LECET Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. §1002(3). The Board of Trustees of the LECET Fund ("LECET Fund Trustees") manages and controls the LECET Fund. The LECET Fund Trustees are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C., Section 1132(a)(1)(3). The LECET Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of LECET Fund and their participants and beneficiaries.

7.      The Laborers' Philadelphia Area Local Health and Safety Fund ("Heath and Safety Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5) for the purpose of providing health and safety benefits through qualified health and safety benefit programs. Plaintiff Board of Trustees of the Health and Safety Fund ("Health and Safety Fund Trustees") manages and controls the Health and Safety Fund. The Health and Safety Fund Trustees are fiduciaries of the Health and Safety Fund and the Health and Safety Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of the Health and Safety Fund and its participants and beneficiaries.

8.      Except for the Health and Safety Fund, each of the aforementioned Funds is a "multi-employer plan" under ERISA, 29 U.S.C. §1002(37). Each of the aforementioned Funds maintains its principal place of business in Philadelphia, PA, with the exception of the Training Fund, which maintains its principal place of

6

business in Exton, PA. The aforementioned Funds will be hereinafter referred to collectively as the "Funds". The Funds which are employee benefit plans under ERISA, 29 U.S.C. §1002(3), will be hereinafter referred to collectively as the "ERISA Funds".

9.      Alan R. Parham, 665 N. Broad Street, 2nd Floor, Philadelphia, PA 19123 is the administrator of the Funds.

10.     The Contractors Association of Eastern Pennsylvania ("CAEP") is an association of construction industry contractors and service providers. The CAEP sponsors and manages the CAEP Industry Advancement Program ("CAEP IAP") which is funded by contributions required under the Collective Bargaining Agreement between the CAEP and the Laborers' District Council.

11.     The General Building Contractors Association ("GBCA") is an association of construction industry contractors and service providers. The GBCA sponsors and manages the GBCA Industry Advancement Program ("GBCA IAP") which is funded by contributions required under the Collective Bargaining Agreement between the GBCA and the Laborers' District Council.

12.     The Laborers' District Council of the Metropolitan Area of Philadelphia and Vicinity, Laborers' International Union of North America ("the Union" or "Laborers' District Council") is an unincorporated labor organization engaged in representing employees for the purpose of collective bargaining.

13.     The Union's Political Action Committee fund (hereafter "PAC") is funded by employers' deductions of wages from all employees covered by the Agreement and contributions are made to the Laborers' District Council PAC.

14.    Defendant Employer is an employer in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §185(a), and ERISA, 29 U.S.C. §1002(5). Defendant Employer's last known address is 550 State Road, Suite 100, Bensalem, PA (Bucks County) 19020.

15.    Upon information and belief there may be a surety, as of yet unidentified, and referred to herein as John Doe Surety.

## JURISDICTION AND VENUE

16.    This Court has jurisdiction over the causes of action alleging a violation of ERISA pursuant to ERISA, 29 U.S.C. §§1132(a)(3), (d)(1) & 1145. This Court has jurisdiction over the causes of action alleging a violation of LMRA pursuant to Section 301(a) of the LMRA, 29 U.S.C. §185(a). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.A. §1367(a) because the state law claims derive from the same common nucleus of operative facts as Plaintiffs' federal law claims.

17.    Venue is proper in the Eastern District of Pennsylvania pursuant to 29 U.S.C. §185(a) and 29 U.S.C. §1132(e)(2). The above-identified Funds are administered in said judicial district and, pursuant to 28 U.S.C. §1391, substantial parts of the events giving rise to the claims (e.g. performance of the covered work/ projects) are believed to have occurred within this judicial district. In addition, upon information and belief, the parties regularly conduct business within this judicial district.

## COMMON FACTS

18.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 17.

19.     The aforementioned Funds are created and administered pursuant to the terms of the Trust Agreements that are properly executed pursuant to state and local law.

20.     Since at least May 19, 2014 to date, Defendant Employer was signatory to, or otherwise bound by, a Collective Bargaining Agreement, and any applicable amendments and extensions, between the CAEP and the Laborers' District Council which sets forth, *inter alia*, the wages, hours, and other terms and conditions of employment of laborers employed by the Defendant Employer. See e.g. Exhibit A (hereafter generally referred to as the "CAEP CBA") which is hereby incorporated by reference.

21.     Since at least September 24, 2012 to date, Defendant Employer was signatory to, or otherwise bound by, a Collective Bargaining Agreement, and its amendments and extensions, between the GBCA and Concrete Contractors' Association Classification Building and General Construction and the Laborers' District Council which sets forth, *inter alia*, the wages, hours, and other terms and conditions of employment of laborers employed by the Defendant. See e.g. Exhibit B (hereafter generally referred to as the "GBCA CBA") which is hereby incorporated by reference. In addition, Defendant Employer is also bound by the GBCA CBA as it is a member of the GBCA and assigned its bargaining rights to the GBCA.

22.     Pursuant to both the CAEP CBA and GBCA CBA (hereafter referred to collectively as the Agreements"), they automatically renew from year to year unless each party gives notice in writing to the other party ninety (90) days prior to the expiration of the term, or of any extended term. To date, neither Plaintiffs nor Defendant Employer have given such notice of intention to terminate.

23.     Defendant Employer also agreed to abide by the terms of agreements and declarations of trust, as from time to time amended ("Trust Agreements"), pertaining to Plaintiff Funds and incorporated into the Agreements. Throughout this Complaint, references to the Agreements include and incorporate the related Trust Agreements.

24.     Pursuant to the Agreements and by virtue of its consent to become bound by the terms and conditions of employment negotiated by and between the Associations and the Union covering all work performed within the trade and geographic jurisdiction of the Union, Defendant Employer is required to remit timely and accurate reports, contributions, and deductions due for all hours of work performed by its employees under the Agreements in the preceding month to the Plaintiffs.

25.     As of this date, Defendant Employer is delinquent in its obligations to remit timely and accurate reports, contributions, and deductions under the Agreement(s) for the period of at least June 2019 to the present.

26.     Pursuant to the Agreements, related Trust Agreements, delinquency policy, and/or applicable law, Defendant Employer also agreed to pay and owes the Plaintiffs accrued interest as provided pursuant thereto, at the rate of 1% simple

interest per month, or fraction of a month, or any portion thereof from the due date until the delinquency is paid in full. As of October 10, 2019, Defendant Employer is also delinquent in paying the interest it owes for prior delinquent payments, at least $ 14,547.03, as set forth in the report attached hereto as Exhibit C.

27.    Pursuant to the Agreements, related Trust Agreements, delinquency policy, and/or applicable law, Defendant Employer also owes the Plaintiffs liquidated damages which, under applicable law and the collective bargaining agreements, Trust Agreements, and/or delinquency policy, are at least 10% of the principal.

28.    Pursuant to the Agreements, related Trust Agreements, delinquency policy, and/or applicable law, Defendant Employer will also owe the Plaintiffs attorneys' fees and costs and any audit fees necessary to ascertain additional amounts owed through judgment.

29.    Pursuant to the Agreements, related Trust Agreements, delinquency policy, and/or applicable law, Plaintiffs are entitled to an audit of Defendant Employer, *e.g.*, to inspect and make copies of any and all records of the Employer pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees, and all other records relevant to, and of assistance in, determining whether the Employer's obligations thereunder to make payments to the Fund Depository were faithfully performed and are so performed through judgment.

30.    Despite written notice and repeated demands for the delinquent amounts due and full cooperation with an audit, Defendant Employer has failed to

11

remit the reports, required documents, and the full amount due; and Defendant Employer has also failed to disclose any bonds that may apply to this delinquency.

31.     Because Defendant Employer violated its reporting obligations under the Agreements, the Plaintiffs have been forced to incur additional administrative and legal expenses in ascertaining the extent of Defendant Employer's violation and in attempting to correct the arrearage.

32.     As long as the delinquent reports, contributions, deductions and accompanying interest, attorneys' fees, costs, and liquidated damages remain unpaid and/or continue to accrue, the Plaintiffs lose the benefits of monetary income that would otherwise be realized if they had been remitted by Defendant Employer in a timely fashion.

33.     These economic losses impair, or may impair, the Funds' ability to provide benefits to Defendant Employer's employees and to employees of other companies that have paid their contributions.

34.     Plaintiffs are prejudiced by the failure of Defendant Employer to timely pay the delinquent amounts.

35.     Defendant Employer's continued violation of the Agreement irreparably injures the Funds.

## COUNT ONE
### CAEP ERISA CLAIM

36.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1-35.

37.     Defendant Employer has failed to make reports, contributions, and deductions to the Plaintiff ERISA Funds in violation of 29 U.S.C. §1145.

38.     Defendant Employer owes the Plaintiff ERISA Funds covered by the CAEP CBA accurate remittance reports, unpaid contributions, and deductions, as well as accrued interest, liquidated damages, audit costs, and attorneys' fees and costs.

39.     Section 502(a)(3)(B)(ii) of ERISA permits the Plaintiff ERISA Funds to seek equitable enforcement of the terms of the Agreements.

**WHEREFORE,** Plaintiff ERISA Funds request this Court grant the following relief:

(a)     that judgment be entered against Defendant Employer and in favor of all Plaintiff ERISA Funds covered by the CAEP CBA, as mandated by Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), in the amount of total unpaid contributions, deductions, accrued interest, audit fees, costs, fines, liquidated damages, and penalties determined to be due and owing to the Plaintiff ERISA Funds before, during and as a consequence of the pendency of this lawsuit; interest on the unpaid contributions and deductions at the rate provided under §502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2); an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages as prescribed by the plan, the collective bargaining agreement(s), and/or by statute; reasonable attorneys' fees and costs of the action; and

(b)     order that Defendant Employer cooperate with an independent payroll audit conducted by Plaintiffs' agent; and

13

(c)      such other legal or equitable relief as this Court may deem appropriate.

## COUNT TWO
## GBCA ERISA CLAIM

40.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1-39.

41.    Defendant Employer has failed to make reports, contributions, and deductions to the Plaintiff ERISA Funds in violation of 29 U.S.C. §1145.

42.    Defendant Employer owes the Plaintiff ERISA Funds covered by the GBCA CBA accurate remittance reports, unpaid contributions, and deductions, as well as accrued interest, liquidated damages, audit costs, and attorneys' fees and costs.

43.    Section 502(a)(3)(B)(ii) of ERISA permits the Plaintiff ERISA Funds to seek equitable enforcement of the terms of the Agreements.

**WHEREFORE,** Plaintiff ERISA Funds request this Court grant the following relief:

(a)      that judgment be entered against Defendant Employer and in favor of all Plaintiff ERISA Funds covered by the GBCA CBA, as mandated by Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), in the amount of total unpaid contributions, deductions, accrued interest, audit fees, costs, fines, liquidated damages, and penalties determined to be due and owing to the Plaintiff ERISA Funds before, during and as a consequence of the pendency of this lawsuit; interest on the unpaid contributions, and deductions at the rate provided

14

under §502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2); an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages as prescribed by the plan, the collective bargaining agreement(s), and/or by statute; reasonable attorneys' fees and costs of the action; and

      (b)   order that Defendant Employer cooperate with an independent payroll audit conducted by Plaintiffs' agent; and

      (c)   such other legal or equitable relief as this Court may deem appropriate.

## COUNT THREE
## BREACH OF CAEP CBA

44.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1-43.

45.    Defendant Employer has failed to make accurate and complete remittance reports, contributions, and deductions to the Plaintiffs as required by the CAEP CBA and therefore owes the Plaintiffs the reports, contributions, and/or deductions as well as audit fees, accrued interest, liquidated damages; and attorneys' fees and costs.

46.    Defendant Employer's failure to make the required timely contributions and deductions and its failure to comply with its obligation to send to the Plaintiffs remittance reports that fully, accurately, and completely report the hours of work performed by its employees under the CAEP CBA is a breach of contract and subject to § 301 of the LMRA, 29 U.S.C. § 185(a).

47.    The Plaintiffs covered by the CAEP CBA have been damaged by the failure of the Defendant Employer to make contributions and deductions and submit accurate remittance reports as required by the Agreement.

WHEREFORE, Plaintiffs request this Court grant the following relief:

(a)    that judgment be entered against Defendant Employer and in favor of all Plaintiffs covered by the CAEP CBA in the amount of total unpaid contributions, deductions, accrued interest, audit fees, costs, fines, liquidated damages, and penalties determined to be due and owing to the Plaintiffs before, during and as a consequence of the pendency of this lawsuit; plus any additional amounts which are found to be due and owing during the pendency of this litigation including, but not limited to, accrued interest, audit fees, and attorneys' fees incurred in this action or in the collection and enforcement of any judgment, as provided by the Agreement; and

(b)    order that Defendant Employer cooperate with an independent payroll audit conducted by Plaintiffs' agent; and

(c)    such other legal or equitable relief as this Court may deem appropriate.

## COUNT FOUR
### BREACH OF GBCA CBA

48.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1-47.

49.     Defendant Employer has failed to make accurate and complete remittance reports, contributions and deductions to the Plaintiffs as required by the GBCA CBA and therefore owes the Plaintiffs the reports, contributions, and/or deductions as well as audit fees, accrued interest, liquidated damages; and attorneys' fees and costs.

50.     Defendant Employer's failure to make the required timely contributions and deductions and its failure to comply with its obligation to send to the Plaintiffs remittance reports that fully, accurately, and completely report the hours of work performed by its employees under the GBCA CBA is a breach of contract and subject to § 301 of the LMRA, 29 U.S.C. § 185(a).

51.     The Plaintiffs covered by the GBCA CBA have been damaged by the failure of the Defendant Employer to make contributions and deductions and submit accurate remittance reports as required by the Agreement.

WHEREFORE, Plaintiffs request this Court grant the following relief:

(a)     that judgment be entered against Defendant Employer and in favor of all Plaintiffs covered by the GBCA CBA in the amount of total unpaid contributions, deductions, accrued interest, audit fees, costs, fines, liquidated damages, and penalties determined to be due and owing to the Plaintiffs before, during and as a consequence of the pendency of this lawsuit; plus

17

any additional amounts which are found to be due and owing during the pendency of this litigation including, but not limited to, accrued interest, audit fees, and attorneys' fees incurred in this action or in the collection and enforcement of any judgment, as provided by the Agreement; and

(b)   order that Defendant Employer cooperate with an independent payroll audit conducted by Plaintiffs' agent; and

(c)   such other legal or equitable relief as this Court may deem appropriate.

### COUNT FIVE
### CAEP AND UNION THIRD PARTY BENEFICIARY CLAIM

52.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 51 as if set forth in their entirety herein.

53.   The CAEP and the Union are intended third party beneficiaries of the Agreement.

54.   Defendant Employer was required under the terms and conditions of the Agreement to remit reports, contributions and/or deductions to the CAEP, the CAEP IAP, the Union, and/or the PAC.

55.   Defendant Employer's failure to make the required timely reports, contributions, and/or deductions and its failure to comply with its obligation to send remittance reports to the Plaintiffs that fully, accurately, and completely report the hours of work performed by its employees under the Agreement is a breach of contract and the CAEP and/or the Union have been deprived of the benefit flowing therefrom to which they are entitled.

18

**WHEREFORE,** Plaintiffs CAEP and the Union request this Court enter judgment in their favor and against Defendant Employer and order that Defendant Employer cooperate with an independent payroll audit conducted by the Plaintiffs' agent and enter judgment against Defendant Employer and in favor of the CAEP and the Union in the amount of total unpaid contributions and deductions, accrued interest, audit fees, costs, fines, liquidated damages, and penalties determined to be due and owing to the CAEP and the Union before, during and as a consequence of the pendency of this lawsuit; plus any additional amounts which are found to be due and owed during the pendency of this litigation including, but not limited to, accrued interest, audit fees, and attorneys' fees incurred in this action or in the collection and enforcement of any judgment, as provided by the Agreement; and that the Court award the CAEP and the Union such other legal or equitable relief as this Court may deem appropriate.

## COUNT SIX
## GBCA AND UNION THIRD PARTY BENEFICIARY CLAIM

56.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 55 as if set forth in their entirety herein.

57.    The GBCA and the Union are intended third party beneficiaries of the Agreement.

58.    Defendant Employer was required under the terms and conditions of the Agreement to remit reports, contributions, and/or deductions to the GBCA, the GBCA IAP, the Union, and/or the PAC.

59.    Defendant Employer's failure to make the required timely reports, contributions, and/or deductions and its failure to comply with its obligation to send

19

remittance reports to the Plaintiffs that fully, accurately, and completely report the hours of work performed by its employees under the Agreement is a breach of contract and the GBCA and/or the Union have been deprived of the benefit flowing therefrom to which they are entitled.

      **WHEREFORE,** Plaintiffs GBCA and the Union request this Court enter judgment in their favor and against Defendant Employer and order that Defendant Employer cooperate with an independent payroll audit conducted by the Plaintiffs' agent and enter judgment against Defendant Employer and in favor of the GBCA and the Union in the amount of total unpaid contributions and deductions, accrued interest, audit fees, costs, fines, liquidated damages, and penalties determined to be due and owing to the GBCA and the Union before, during and as a consequence of the pendency of this lawsuit; plus any additional amounts which are found to be due and owed during the pendency of this litigation including, but not limited to, accrued interest, audit fees, and attorneys' fees incurred in this action or in the collection and enforcement of any judgment, as provided by the Agreement; and that the Court award the GBCA and the Union such other legal or equitable relief as this Court may deem appropriate.

## COUNT SEVEN
## BOND CLAIMS AGAINST JOHN DOE SURETY

    60.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 59 as if set forth in their entirety herein.

    61.    Upon information and belief, Defendant Employer was the contractor and performed work on projects within the trade and geographical jurisdiction of the Agreements during the period of at least January 1, 2017 through the present.

62.     Defendant Employer's employees provided labor on such projects covered by the Agreements.

63.     Benefit contributions comprised a portion of Defendant Employer's costs under the Agreements on the projects.

64.     One or more payment bonds may have been issued relating to the work of Defendant Employer's employees on such projects.

65.     Such bonds likely guarantee the payment of labor on one or more of the projects.

66.     Defendant Employer has not yet disclosed the surety on one or more of such projects.

67.     Upon discovery of the surety and applicable bonds, Plaintiffs intend to give further notice of their claims under the bonds to the surety.

68.     The surety has failed to pay the amounts due to Plaintiffs under the applicable bond(s).

69.     Plaintiffs are claimants under the bonds for payments that were to be paid to the Plaintiffs for work performed by Defendant Employer's employees who worked on the projects and all interest and amounts due by law. The employees of Defendant Employer furnished and performed labor on the projects. The Plaintiffs are also representatives of said employees and assignees of claims against the bonds with respect to payments that were to be paid to the Plaintiffs for work performed by Defendant Employers' employees on such projects pursuant to the Agreements.

21

70.    Upon information and belief, the Surety shall owe the Plaintiffs monies for unpaid labor in an amount to be determined at trial for payments owed to the Plaintiffs for labor performed by Defendant Employer's employees on such projects and all interest and other amounts due by law.

**WHEREFORE**, Plaintiffs demand judgment be entered in their favor and against the surety for all amounts determined to be due and owing to the Plaintiffs before, during and as a consequence of the pendency of this lawsuit, together with all interest due by law and such other legal or equitable relief as this Court may deem appropriate.

**COUNT EIGHT**
**<u>DEMAND FOR AUDIT</u>**

71.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1-70.

72.    The Agreements, related Trust Agreements, and delinquency policies authorize the Trustees' auditors to audit the Employers bound by the Agreements.

73.    Unless an updated audit of Defendant Employer is performed, Plaintiffs will not have sufficient information or knowledge to plead the precise nature, extent, and amount of Defendant Employer's delinquency through judgment.

**WHEREFORE**, Plaintiffs request the Court:

(a)    To order Defendant Employer, its officers, employees, representatives, and/or agents to permit an audit by the Plaintiffs' auditor of all records under the Defendant Employer's actual or constructive control and, in the

22

absence of said records, to cooperate fully in alternative method(s) for the determination of work for which contributions are due; and

(b)    To grant such other relief as this Court deems just, necessary, and appropriate.

**SUSANIN WIDMAN & BRENNAN, PC**

Date: _10-14-19_          By: _____
                              Mariellen Bello, Esquire
                              Attorney I.D. No. 60375
                              656 East Swedesford Road, Suite 330
                              Wayne, PA  19087
                              Tel: 610 710-4510
                              mbello@swbcounsellors.com
                              Attorney for Plaintiffs

23

**CERTIFICATE OF SERVICE**

I, Mariellen Bello, Esquire, do hereby certify that on this 14th day of October, 2019, I caused a true and correct copy of the foregoing Complaint to be served upon the following persons by U.S. mail, postage prepaid:

Secretary of Labor
200 Constitution Avenue, NW
Washington, DC 20224

and

Secretary of Treasury
1500 Pennsylvania Avenue, NW
Washington D.C. 20220

Date: 10-14-19

Mariellen Bello